UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-cr-00020-RLY-MPB |
| | ) | |
| JONATHAN WITHAM, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On April 19, 2018, the Court held an Initial Appearance on a USPO Petition for Violation of Supervised Release filed March 22, 2018. (Dkt. No. 11). On July 10, 2018, the Court held a hearing on a Supplemental Petition filed July 10, 2018. (Dkt. No. 23). On September 5, 2018, the Court held a hearing on a third Petition filed August 20, 2018. (Dkt. No. 25). The Court advised Defendant Witham of his rights and provided him with a copy of all three petitions. The Defendant admitted the Violations Numbered 1 through 4, and 6. On September 24, 2018, the Court held a Hearing, during which Defendant Witham appeared in person and with Counsel Ron Freson. The government appeared by Todd Shellenbarger, Assistant United States Attorney. The United States Probation and Parole Office appeared by Officer Andrea Hillgoth.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. After being placed under oath, Defendant Witham admitted Violations #1, 2, 3, 4, and 6 and denied Violation #5. (Dkt. No. 29).

2. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | "The defendant is prohibited from possessing or using any alcohol, and shall be subject to alcohol testing during the term of supervision."<br><br>On March 15, 2018, Jonathan Witham tested positive for alcohol. He admitted to ingesting alcohol on March 14, 2018, and abusing Coricidin Cough and Cold medicine.<br><br>As previously reported to the Court, Mr. Witham admitted to consuming alcohol on June 17, and June 18, 2017, January 26, February 2, and February 24, 2018. |
| 2 | "The defendant shall not commit another federal, state, or local crime."<br><br>As previously reported to the Court, on July 17, 2017, Jonathan Witham was convicted of Criminal Trespass, misdemeanor. |
| 3 | "The defendant is prohibited from possessing or using any alcohol, and shall be subject to alcohol testing during the term of supervision."<br><br>On July 6, 2018, Jonathan Witham tested positive for alcohol.<br><br>As previously reported to the Court, Mr. Witham admitted to consuming alcohol on June 17, and June 18, 2017, January 26, February 2, and February 24, March 14, and May 17, 2018. He also admitted to abusing Coricidin Cough and Cold medicine on March 14, 2018. |
| 4 | "The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance."<br><br>Mr. Witham tested positive for methamphetamine on August 6 (confirmed) and 9, 2018. The test on the 9th was captured during an instant test cup and is pending verification though an independent laboratory as of the writing of this report. Mr. Witham also tested positive for opiates and amphetamines on August 13, 2018. That test is also pending confirmation results, as Mr. Witham is denying use of illegal substances. |
| 6 | "You shall be monitored by mobile alcohol monitoring, such as SoberLink, for an additional period of up to 90 days from which was previously imposed on February 15, 2018, and shall abide by all technology requirements."<br><br>Mr. Witham has been late or missed his alcohol tests on the following dates: July 19, 2018 (missed); July 20, 2018 (3 hours late); July 29, 2018 (1 hour late); August 5, 2018 (3.5 hours late); and August 12, 2018 (2.5 hours late). |

3. As to the United States Sentencing Guidelines Calculations:

   (a) The highest grade of violation is a Grade B violation.

   (b) Defendant's criminal history category is 1.

   (c) The advisory range of imprisonment applicable upon revocation of supervised release, is 4 to 10 months imprisonment.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he be sentenced to the custody of the Attorney General or his designee for a period of four (4) months. Defendant to recommence supervised release upon release from imprisonment under the same conditions as previously imposed, to include additional drug and stress treatment and counseling, for a period of two (2) years. Defendant shall pay restitution in the amount of $1,101.05; of which, $750.00 is for the loss of the Soberlink device and $351.01 is for outstanding Soberlink monitoring fees.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Dated: September 25, 2018

_____
Matthew P. Brookman
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal